# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI

**MARVIN BURT**  PLAINTIFF

VS.  CIVIL ACTION NO. 3:22cv97-MPM-RP

**NAVISTAR, INC.; SUMMIT TRUCK GROUP OF MISSISSIPPI, LLC; WATERS TRUCK & TRACTOR CO., INC. AND JOHN DOES 1-70**  DEFENDANTS

## NOTICE OF REMOVAL

Defendant Navistar, Inc. ("Navistar") gives notice of removal of this action from the Circuit Court of Marshall County, Mississippi, to the United States District Court for the Northern District of Mississippi. In support of this Notice of Removal, Navistar states the following:

1. Navistar is a defendant in the matter styled "*Marvin Burt v. Navistar Inc.; Summit Truck Group of Mississippi LLC; Waters Truck & Tractor Co., Inc.; and Fictitious Parties Nos. 1-70*" pending in the Circuit Court of Marshall County, Mississippi, and bearing Case No. 2022-069 ("State Court Action").

2. Plaintiff filed his Complaint in the State Court Action on March 9, 2022.

3. Navistar was served with process in the State Court Action on April 27, 2022.[1]

4. This Notice of Removal is being filed within thirty (30) days of the Complaint being served upon Navistar.

---

[1] *See* Notice of Service of Process, attached as Exhibit A.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a) because the United States District Court for the Northern District of Mississippi is the District in which the State Court Action was pending.

6. This Court has jurisdiction over this matter and it is properly removed to this Court pursuant to 28 U.S.C. §§1332 because the action involves citizens of different states and the amount in controversy exceeds $75,000, exclusive of interests and costs.

7. According to the Complaint, Plaintiff is a resident-citizen of the State of Mississippi.[2]

8. According to the Complaint, Navistar is a Delaware corporation having its principal place of business in the State of Illinois.[3] Accordingly, Defendant is not considered a citizen of Mississippi. *See Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (corporation's principal place of business is the place from which the corporation is controlled).

9. According to the Complaint, Summit Truck Group of Mississippi LLC ("STGM") is a limited liability company.[4] As a limited liability company, STGM's citizenship is the same as that of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). The Complaint does not plead the place(s) of citizenship of the members of STGM. On information and belief, STGM is a citizen of the State of Texas and Tennessee.[5] Documents on file with the Mississippi Secretary of State show that STGM's only member is Summit Truck Group LLC.[6]

---

[2] *See* Complaint at ¶ 5, attached as Exhibit B.
[3] *Id.* at ¶ 6.
[4] *Id.* at ¶ 7.
[5] The State Court record does not reflect that Plaintiff has served STGM as of the filing of this Notice of Removal. *See* State Court Action docket sheet, attached as Exhibit C.
[6] *See* Mississippi Secretary of State records, attached as Exhibit D. The Court may take judicial notice of public documents including records on file with governmental agencies such as the Secretary of State. *See, e.g., Swindol v. Aurora Flight Sciences Corp.*, 805 F.3d 516, 518 (5th Cir. 2015) (taking judicial notice of records from state agency websites); *Schott v. Nobilis Health Corp.*, 211 F. Supp. 3d 936 (S.D. Tex. 2016) (taking judicial notice of public disclosures with SEC).

Summit Truck Group is a limited liability company organized under the laws of Texas.[7] On information and belief, Summit Truck Group's member or members, including Blair Roberts and Richard Sweebe are citizens of Texas and Tennessee.[8]

10. According to the Complaint, Waters Truck & Tractor Co., Inc. is a Mississippi corporation having its principal place of business in the State.[9] However, on May 25, 2022, Plaintiff voluntarily dismissed Defendant Waters from the case.[10]

11. The Complaint alleges that Defendants John Doe 1-70 are individuals or entities whose identity is unknown at present.[11] Under 28 U.S.C. § 1441(b)(1), "the citizenship of defendants sued under fictitious names shall be disregarded." Accordingly, the citizenship of John Does 1 – 70 must not be considered for purposes of this removal. *See, e.g., Murphy v. Amsouth Bank*, 269 F. Supp. 749, 750 (S.D. Miss. 2003) ("[F]or purposes of removal the citizenship of John Doe defendants is disregarded[.]").

12. Complete diversity is thus satisfied.

13. The amount in controversy is deemed to exceed $75,000.

14. Plaintiff's Complaint fails to expressly state the amount of damages sought on the face of the pleading. However, in the *ad damnum* paragraph of the Complaint Plaintiff expressly sets forth claims for punitive damages. Federal courts have previously held that complaints seeking these types of damages—even when no specific amount is requested—satisfy the jurisdictional "amount in controversy" requirement. *See*, *e.g.*, *Sun Life Assur. Co. v. Fairley*, 485

---

[7] *Id.*
[8] *See* Asset Purchase Agreement filed with SEC, Texas Secretary of State records and Tennessee Secretary of State records, attached as Exhibit E.
[9] *See* Complaint at ¶ 8.
[10] *See* Notice of Voluntary Dismissal, attached hereto as Exhibit F.
[11] *See* Complaint at ¶ 12.

F. Supp.2d 731, 735 (S.D. Miss. 2007); *Reece v. Kanawha Ins. Co.*, 2008 WL 906512, *2 (N.D. Miss. 2008); *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995).

15. All defendants who have been properly joined and served have consented to this Notice of Removal.[12]

16. A copy of all pleading(s), process and/or orders served on Navistar, as of this date, are attached as required by 28 U.S.C. §1446(a).[13]

17. In accordance with 28 U.S.C. §1446, a copy of this Notice of Removal is being filed with the Circuit Court of Marshall County, Mississippi, and Plaintiff is being served with a copy of this Notice of Removal.

18. By filing this Notice of Removal, Navistar does not waive any jurisdictional or other defenses that may be available, including but not limited to those defenses enumerated in Federal Rule of Civil Procedure 12.

19. WHEREFORE, Navistar files this Notice of Removal and removes this action to the United States District Court for the Northern District of Mississippi.

20. YOU ARE HEREBY NOTIFIED to proceed no further in state court proceedings previously pending in the Circuit Court of Marshall County, Mississippi.

Respectfully submitted, this the 27th day of May, 2022.

**NAVISTAR INC.**

By: */s/ Claire W. Ketner*
One of Its Attorneys

---

[12] *See* 28 U.S.C. § 1446 (requiring consent of "all defendants who have been properly joined and served"). *See also,* Exhibit B, State Court Action docket sheet. On information and belief, no properly joined co-defendant has been served in the State Court Action.
[13] *See* Exhibit B.

OF COUNSEL:
John E. Wade, MSB #6850
Claire W. Ketner, MSB #99708
Brunini, Grantham, Grower & Hewes, PLLC
P.O. Drawer 119
Jackson, MS 39205
Telephone: (601) 960-6851
Facsimile: (601) 960-6902
jwade@brunini.com
cketner@brunini.com

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day caused a copy of the foregoing to be sent to all counsel of record by electronic mail and by United States mail, postage prepaid.

This the 27th day of May, 2022.

               */s/ Claire W. Ketner*